Nash, J.
 

 Several exceptions were taken by the defendant to the competency of the evidence, offered by the plaintiff and admitted by the Court. The first is, as to the admissibility of the depositions — the notice under which they were taken, being, as insisted, not sufficiently explicit. Without passing any opinion upon the point raised, it is sufficient that there was a cross examination by the defendant. As the object in giving notice, is to
 
 *206
 
 enable the party to prepáre for the examination and to attend if he thinks proper, if he does attend and cross examine the witness, a waiver of the notice is to be presumed and the deposition is well taken without showing any notice — the very object of giving it is attained.—
 
 Beasley
 
 v.
 
 Downey,
 
 10th Ired. 286.
 

 The next exception is, as to the conversation between Ii ions, the plaintiff, and Blackwell, the person from whom the land was rented, which was made at the time the rent was paid. The plaintiff took a receipt from Blackwell for the money, the parties then stating for what it was given. It is a familiar rule of law, that declarations made by a party at the time a particular transaction takes place, are
 
 pars rei gestee,
 
 a part of the transaction, as explanatory of it. It is true, parol evidence cannot be received, to vary or alter a written contract; but this is a receipt and may be explained by other testimony, because the law does not consider the writing as the best evidence of the transaction to which it relates.
 
 3rd Phil, on evidence,
 
 1475, in notes. Nowthe parol evidence was given, perhaps unnecessarily, to explain why and for what purpose the money was paid by the plaintiff. The declarations were properly received.
 

 The defendant contends, that the agent had no authority to obtain the land upon his own credit, and that making a contract of this kind and paying the monéy, without request, could not give a right of action ; and second, that the plaintiff could not, at any rate, sue without a previous notice of the demand. Neither of the objections can avail the plaintiff, under the facts stated in the case. It is a sound principle, that one man cannot, by paying a debt of another, without his request, make him his own debtor, and thereby entitle himself to an action against him. But that principle has no application here. The plaintiff was not acting officiously, either in binding himself or paying the money. The exception concedes that
 
 *207
 
 the plaintift was the agent of the defendant. The case shows he was his special agent, to do a particular thing, with unlimited powers, as to the mode and manner of doing it. His instructions were to rent that particular piece of land, at the price of one hundred and twenty dollars, but if he could not get it for that, to give Blackwell his price. Such an agency is sometimes called a general agency.
 
 Story on agencies,
 
 sec. 18. Were the means used by the defendant unusual, in making such a contract as he did make ? Was there anything in the instructions received by him, which forbade the use of such means ? The object of the defendant was ,to. rent that piece of land ; and the plaintiff was instructed to give the lessor his price. But Blackwell would not take the defendant as his debtor ; but insisted that the plaintiff himself should become bound. He did so: and without it the lease would not have been made. Under such circumstances the plaintiff had the right to bind himself to pay the rent. In doing so, he only bound himself as far as the defendant, his principal, would, as a lessor, have been bound. The case farther discloses, that the defendant was apprised by the plaintiff of his having rented the land, and the defendant approved of it and directed him not to give it up. If the plaintiff had a
 
 right
 
 in executing this agency to bind himself, then it follows-as a necessary consequence, that when he paid the rent,, the money was paid to the use of the defendant and he is bound to repay it. Mr. Story, in his treatise on agency,, sec 335, states that an agent has a right to, be reimbursed all his advances, expenses, and disbursements made in the course of his agency, on account of and for the benefit of his principal, and which grow out of the employment and are incident to it. The direction to give Blackwell his own price, was an express request to use his own funds or credit, to effect his object; and it does not appear that Irions had any funds of the defendant in his,
 
 *208
 
 hands. But whether the authority was express or not, from the nature of the agency, it was implied. If the lessor had insisted that the rent should be paid in advance, his instructions would have authorised the plaintiff to pay it; and he should have had a clear right of action agaiast the defendant.
 

 It is further urged by the defendant, that he was a guarantor, and, as such, was entitled to notice , of the payment of the money, by the plaintiff, before the action was brought. In the ti*ansaction there is no feature of a guaranty. That is a contract, ordinarily, of suretyship. With whom did the defendant in this case form the contract ? Not with Blackwell, the lessor, for he knew when he let the land, that the plaintiff was the agent of the defendant, and he expressly refused to trust his responsibility : but insisted on that of the plaintiff. It was upon his credit the contract was made and to him alone did he look for his rent. With the plaintiff no
 
 such
 
 contract was made or implied, except such as arises in every case, where one man pays money for another, at his request, and in such cases no notice is required of the payment of the money. This is very similar to the case where a bill is accepted for the honor of the drawee and the acceptor pays the money ; the law implies a request on the part of the drawee. In the argument, the case of
 
 Grice
 
 v.
 
 Rix,
 
 3rd. Dev.
 
 64,
 
 was cited. It has no application. The Court there decide, that where the liability of a party is not
 
 direct
 
 but collateral, and dependent upon the
 
 default
 
 of another, he must be notified of the
 
 default,
 
 before he can be charged. Here the liabilitj' of the defendant is direct and not collateral ; and the only default was his own, in not paying the rent at the end of the year or furnishing the plaintiff with funds todo so: and this knowledge of the default was, to him, notice sufficient.
 

 A number of depositions, notices and letters were made parts of this case. We must be permitted to suggest, that
 
 *209
 
 this pi’act.iee is inconvenient and expensive to the parties. So many of the depositions or notices, as may be necessary to present the point to the Court, are required, and no more ought to be incorporated into the case. In this case the Clerk has not only sent the originals, but also copies; for what purpose we cannot tell.
 

 Per Cueiam. Judgment affirmed.